Desmond, J. (dissenting).
I dissent. There is no power and no precedent in this court for the reversal of a conviction on the ground that some of the Trial Judge’s questions to defendant and his witnesses “ were of such a nature as to indicate a communicable disbelief of their testimony”. Such a rule for the conduct of Trial Judges has never existed and would be unworkable and not in the public interest. It would forbid a Trial Judge asking any but the most insipid and formal questions. He would be unable to apply his own experience, ability and skill to the fact inquiry under way or to aid the jury in the discovery of the truth.
“ The trial judge is something more than a mere automaton ” (People v. Ohanian, 245 N. Y. 227, 232). In the Ohanian case there was a reversal but not on the ground that the Judge by questions suggested doubt as to some of the testimony of defendant’s witnesses. The Trial Judge in Ohanian “by repeated comments and his charge ” actually “ assumed the falsity of the defense ” (p. 230). He took from the jury the fact question of defendant’s guilt and gave lip service only to presumption of innocence and reasonable doubt.
As this court’s opinion in that case is at pains to make clear, Ohanian was a most extreme and unique instance of a Judge literally forcing on the jurors his own opinion as to the defendant’s guilt. There is nothing like that in the present record. The Trial Judge in this case probed the testimony of the witnesses — cross-examined them, if you will. Perhaps he should have asked fewer such questions but we do not sit to review judicial manners or to count the number of questions asked by a Judge. In noncapital criminal cases like this ours *123 is a court of law and we have no general supervision over the conduct of trials. “ The question whether defendant had a fair trial is primarily, at least, one for the trial court and secondarily, for the Appellate Division. If no error of law is presented * * * the judgment must be affirmed here ” (People v. Ohanian, 245 N. Y. 227, 232, supra). I do not think it is an error of law for a Trial Judge to ask more or sharper questions than we think were needed.
The judgment should be affirmed.
Conway, Ch. J., Froessel and Van Voorhis, JJ., concur with Burke, J.; Desmond, J., dissents in an opinion in which Dye and Fuld, JJ., concur.
Judgments reversed and a new trial ordered.